(No. 82AP-1020—Decided June 9, 1983.)

*Zacks, Luper & Wolinetz Co., L.P.A.,*
and *Mr. Stanley L. Myers,* for appellants.

*Messrs. Williams & Deeg* and *Mr.
Timothy D. Gerrity,* for appellee Jack
Augenstein.

*Messrs. Crabbe, Brown, Jones, Potts
& Schmidt* and *Mr. Grey W. Jones,* for appellee Frank L. Goebel.

NORRIS, J. On February 1, 1981, defendant, Frank Goebel, loaded a cattle feeder onto his pickup truck at the Ohio State Fairgrounds. He did not close the truck's tailgate, nor did he secure the feeder. Soon after he had driven his truck onto Interstate 71, the feeder slid off the truck and onto the roadway. His truck was being followed by a line of vehicles, the first of which was able to stop without colliding with the feeder. Plaintiff Sally Baum was able to stop her automobile, in which her husband Robert was a front-seat passenger, without striking the first automobile. However, a pickup truck following the Baum's automobile, and driven by defendant Augenstein, failed to stop and struck the rear of the Baum automobile, pushing it into the first automobile.

Mrs. Baum testified that she applied her brakes when she saw brake lights ahead and that she was able to bring her automobile to a complete stop about three to four feet short of the automobile immediately in front, and that her automobile was struck "almost immediately" by Augenstein's truck.

Mr. Baum's testimony corroborated that of his wife concerning the collision. He further testified that the impact of the collision threw him forward, driving his left knee into the dashboard, with the result that his leg "hurt tremendously." He also said that he had injured his left leg in 1956 in a tractor accident; that he had undergone total knee replacement surgery on his left leg in January 1980 to correct pain resulting from an arthritic condition; that, after July of that year, he had been able to resume almost normal activities, although he kept a crutch in his automobile and had not returned to work by the date of the collision; that after the collision he had experienced constant pain and had not been able to pursue his normal activities; and that, in May 1981, he was determined by the Social Security Administration to be totally disabled.

The trial court granted defendant Goebel's motion for a directed verdict, dismissing him as a party-defendant. The jury returned verdicts in favor of Mr. and Mrs. Baum, against Augenstein.

Plaintiffs raise three assignments of error:

"1. The judgment of the jury in favor of appellant Robert Baum in the amount of $1,100.00 is inadequate and contrary to law.

"2. The verdict of the jury for Sally

Baum in the amount of $1,500.00 is inadequate and contrary to law.

"3. The trial court error [sic] as a matter of law dismissing Frank Goebel as a party to this action."

We will first consider the third assignment of error. Although the trial court stated no reasons when it announced its decision to grant Goebel's motion for a directed verdict, there appears to have been no dispute that Goebel was negligent in failing to secure his load. Goebel contends, as he did at trial, that his negligence was not the proximate cause of plaintiffs' injuries, their injuries having been caused by the intervening negligence of Augenstein.

Because the trial court directed a verdict for Goebel, the question raised by the third assignment of error is whether, after construing the evidence most strongly in favor of plaintiffs, reasonable minds could conclude only that Goebel's negligence was not a proximate cause of plaintiffs' injuries. This does not involve any weighing of the evidence but, instead, involves a testing of the legal sufficiency of the evidence to take the case to the jury. In considering the motion for a directed verdict, we must assume the truth of the evidence essential to plaintiffs' claim, give to plaintiffs the benefit of all reasonable inferences from the evidence, and determine whether or not there exists any evidence of substantial, probative value in support of their claim. The question to be determined is one of law, not of fact. *Ruta* v. *Breckenridge-Remy Co.* (1982), 69 Ohio St. 2d 66 [23 O.O.3d 115].

As a practical matter, then, in order to affirm the trial court, we must conclude, as a matter of law, that Goebel's negligence had terminated insofar as its causative effect on plaintiffs' injuries and that Augenstein's negligence had intervened and become the sole proximate cause of plaintiffs' injuries.

Construing the evidence most strongly in favor of plaintiffs, the negligence of Goebel and Augenstein combined to proximately cause plaintiffs' injuries. Reasonable minds could conclude that the chain of events set in motion by Goebel's negligence unfolded in rapid succession in a continuous and unbroken fashion, with a result that the causal connection was not broken by Augenstein's negligence and he and Goebel were concurrent tortfeasors. Reasonable minds could reach different conclusions upon the issue. Coincidentally, less than a month after the trial of this case, we came to the same conclusion in an appeal where the facts were almost indistinguishable from those in this appeal. See *Grange Mut. Cas. Co.* v. *Fleming* (1982), 8 Ohio App. 3d 164.

Accordingly, the trial court did err in granting the directed verdict in favor of Goebel and the third assignment of error is sustained.

In their first assignment of error, plaintiffs contend that the amount of the jury's award of damages for Mr. Baum was inadequate as a matter of law since it was clearly inconsistent with the uncontroverted evidence. We agree.

The evidence was that Mr. Baum had incurred $698 in medical bills at the time of trial. However, Mr. Baum also introduced evidence that he would incur future medical expenses for surgery to replace his knee implant which had been damaged by the collision.

Plaintiffs' expert witness testified that his fee for such surgery would be $4,500 and that hospital and other attendant medical costs could total $20,000. Defendant's expert testified that his customary fee for knee replacement surgery was $2,000. Obviously, if Mr. Baum's implant was damaged by defendants' negligence to the extent that revision surgery was indicated, then the award of $1,100 was grossly inadequate.

Both expert witnesses testified that a comparison of X-rays taken following the 1980 surgery, but before the accident, with those taken after the accident, indicated that the bonding of the implant

had loosened significantly after the collision; that this condition would warrant corrective surgery; and that the collision was the proximate cause of the damage to the implant. Although there was other testimony from which the jury could have concluded that Mr. Baum had exaggerated the extent of his recovery from the time of the January 1980 surgery up to the accident, this would not justify the jury's disregard of the uncontroverted expert testimony that the collision had damaged the implant to the extent that corrective surgery should be undertaken. A new trial is warranted on the ground of inadequacy of damages where it appears that the jury failed to consider some elements of damages. See, *e.g., Toledo Railways & Light Co.* v. *Mason* (1910), 81 Ohio St. 463.

The first assignment of error is sustained.

We have reviewed the evidence concerning the jury's award of damages for Mrs. Baum and are unable to say that it is either contrary to the manifest weight of the evidence or contrary to law. The verdict exceeds her proved medical expenses and, therefore, includes an amount for her pain and suffering. There was evidence from which the jury could conclude that Mrs. Baum's injuries and problems stemming from the collision were not so extensive as she contended. The second assignment of error is overruled.

The first and third assignments of error are sustained, and the second assignment of error is overruled, the judgment of the trial court concerning Mr. Baum is reversed and this cause is remanded to the trial court for a new trial, as to Mr. Baum's claim, in a manner consistent with this opinion.

*Judgment reversed in part and affirmed in part and cause remanded.*

WHITESIDE, P.J., and MOYER, J., concur.