DUNN, Appellant,

v.

MAXEY, Appellee.

[Cite as *Dunn v. Maxey* (1997), 118 Ohio App.3d 665.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17794.

Decided March 12, 1997.

*A. William Zavarello,* for appellant.

*William Dowling,* for appellee.

SLABY, Judge.

Plaintiff-appellant, Lance Dunn, appeals from the jury award in his personal injury action against defendant-appellee, Gertrude R. Maxey, claiming that the

jury instructions were erroneous and the jury's award was inadequate based on the damages incurred. We affirm.

Appellant was injured as a result of an automobile accident on June 14, 1994, when appellee's vehicle struck the rear of the vehicle in which appellant was a passenger. Appellee admitted liability for the collision, but disputed that she caused all of appellant's injuries. The only issue before the jury was to assess the damages proximately resulting from the accident.

Appellant, a twenty-five-year-old laborer and truck driver, testified that he suffered a back injury as a result of the accident. He told of pain radiating down the back of his leg and generalized back pain, and claimed that he could no longer participate in sports and other activities he used to enjoy. Appellant also maintained that he was unable to perform his previous job, which required repetitive lifting. After an eight-month period of unemployment he found a new job, but was unable to work full-time. Appellant's doctor testified that he will need to have spinal surgery, and will sustain a ten-year reduced work-life expectancy and future lost earnings.

Appellee acknowledged that appellant may have sustained *some* injury as a result of this collision. However, she maintained that appellant's most serious back problems were the result of an earlier automobile accident and the surgery that he underwent in 1988 to correct back problems resulting from that accident. Appellee's medical expert testified that the lower back pain was the result of "an advanced arthritic process" resulting from the 1988 accident and surgery, and not the 1994 accident. Appellee presented further evidence that appellant could have alleviated pain resulting from the 1994 accident if he would have undergone a minor outpatient surgical procedure shortly after the accident.

The jury awarded appellant $36,500 in damages. Appellant timely appeals, raising three assignments of error.

ASSIGNMENT OF ERROR I

"The Court committed prejudicial error in instructing the jury on mitigation of damages relating to surgery."

Appellee requested a jury instruction concerning mitigation of damages because appellant did not have surgery to repair his herniated disc, even though the outpatient procedure had been recommended and scheduled by his treating physicians. Appellant stated that he did not undergo this procedure because he did not have health insurance. He claimed that could not afford to pay his own physician for the surgery, and he was unwilling to be treated by a resident physician. Appellant's physician also testified that spinal fusion surgery would be needed to repair instability in his lumbar vertebrae. Appellant acknowledges that he may have to undergo this procedure, but has delayed having it done

because it involves major surgery with a possibility of complications, and no guarantee of success.

A court ordinarily should give requested jury .instructions where they are correct statements of the law as applied to the facts in the case and where there is evidence from which reasonable minds might reach the conclusion sought by the instruction. *Murphy v. Carrollton Mfg. Co.* (1991), 61 Ohio St.3d 585, 591, 575 N.E.2d 828, 832; *Feterle v. Huettner* (1971), 28 Ohio St.2d 54, 57 O.O.2d 213, 275 N.E.2d 340, syllabus. The law in Ohio precludes one who is injured by the tort of another from recovering damages for harm that could have been avoided by reasonable effort or expenditure after the commission of·the tort. See *Johnson v. Univ. Hosps. of Cleveland* (1989), 44 Ohio St.3d 49, 57, 540 N.E.2d 1370, 1376–1377. However, the rule requiring a person injured by the wrongful act or omission of another to minimize his damages does not require a party to make extraordinary efforts to do what is unreasonable or impracticable. *Cline v. Am. Aggregates Corp.* (1989), 64 Ohio App.3d 503, 511, 582 N.E.2d 1, 6.

Appellant argues that giving an instruction on mitigation was prejudicial. because a tort victim has no duty to make unreasonable, extraordinary, or impracticable efforts to diminish or avoid prospective damages, and that he has followed a reasonable course of medical treatment. Appellant contends that appellee failed to present sufficient evidence to establish the facts necessary for an instruction on mitigation.

Because of the lack of case law in Ohio pertaining specifically to a victim's obligations to undergo surgery to mitigate damages, appellant cites several cases from other jurisdictions for the proposition that competent individuals have the right to accept or reject medical treatment as they deem appropriate, and that there is no obligation to undergo serious and risky surgery where improvement is not reasonably likely to occur. See, *e.g.*, *Cannon v. New Jersey Bell Tel. Co.* (1987), 219 N.J.Super. 304, 530 A.2d 345; *Lapidus v. Hahn* (1983), 115 Ill.App.3d 795, 71 Ill.Dec. 136, 141, 450 N.E.2d 824, 829; *Stark v. Shell Oil Co.* (C.A.5, 1971), 450 F.2d 994. Appellant also asserts that he was not refusing surgery, but was only postponing it, and that this decision was reasonable in light of the severity and cost of the surgery, and the lack of certainty of success.

We do not find appellant's arguments to be persuasive. The jury instructions given by the trial court were consistent with Ohio law requiring tort victims to take *reasonable* measures to mitigate damages, and were not in conflict with the principles cited by appellant from other jurisdictions:

"[A] person who has been injured has a duty to use reasonable efforts under all the circumstances to mitigate or lessen damages and to prevent an aggravation of those injuries and to recover from those injuries.

"If the nature of the injury is such as to render medical or surgical treatment reasonably necessary, it is the duty of the person injured to use ordinary and reasonable diligence to secure the medical or surgical aid of a surgeon.

"In determining whether a duty exists to undergo surgical treatment to correct a condition, you may consider the degree of risk involved to the plaintiff in such a procedure.

"If a reasonable man in plaintiff's circumstances would have resorted to corrective surgery, then the plaintiff, if he fails to submit to such surgery, is not entitled to an award of future pain and suffering that could have been avoided."

Appellee produced sufficient evidence to warrant a jury instruction on mitigation. Appellant's own doctors had recommended that he undergo the discectomy. Appellee did not address any duty to undergo the more serious spinal fusion surgery because she contends that the problems it is intended to correct were the result of a preexisting condition. The instructions given properly placed the issue of determining whether appellant's actions were reasonable under the circumstances before the jury.

Appellant's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

"The trial court committed reversible error in giving conflicting instructions on proximate cause."

Appellant asserts that the trial court erred when it instructed the jury to "determine from the preponderance of the evidence *whether* such preexisting conditions [were] proximately aggravated by the negligence of the defendant, *and if so*, to what extent." (Emphasis added.) Appellant argues that this instruction erroneously presented the misconception that injury may not have resulted from the June 1994 automobile accident, and that this statement contradicted an earlier part of the instruction where the trial court acknowledged that the defendant's own witness had testified that *some* injury was sustained in this accident, and instructed the jury that they were "to determine what injury and what damages proximately resulted to the plaintiff from the defendant's negligence."

█ A review of the transcript reveals that appellant never objected to this instruction. Pursuant to Civ.R. 51(A), a party wishing to assign error to jury instructions must object to those instructions before the jury begins deliberations. *Schade v. Carnegie Body Co.* (1982), 70 Ohio St.2d 207, 24 O.O.3d 316, 436 N.E.2d 1001, paragraph one of the syllabus. Absent plain error, such a failure to object waives a party's right to raise the issue on appeal. *Reichert v. Ingersoll* (1985), 18 Ohio St.3d 220, 223, 18 OBR 281, 283–284, 480 N.E.2d 802, 805–806.

Even if appellant had objected, when all of the instructions pertaining to proximate cause are read together in their entirety, we do not find that there was a conflict or an error. Appellant's second assignment of error is overruled.

ASSIGNMENT OF ERROR III

"The jury award was inadequate based on the unrefuted evidence."

Appellant maintains that undisputed evidence established that appellant's special damages exceeded $250,000, including $3,700 in past medical expenses, $35,000 for future surgery and hospital expenses, and $20,000 in lost wages. Further testimony was offered stating that he could suffer future lost earnings of $197,600, based upon a reduced work-life expectancy of ten years (calculated at a pay rate of $9.50 per hour times twenty thousand eight hundred hours).

■ It is the function of the jury to determine all questions of fact, including the amount of damages to which the plaintiff is entitled. *Galayda v. Lake Hosp. Sys., Inc.* (1994), 71 Ohio St.3d 421, 425, 644 N.E.2d 298, 301; *Glasgow v. Markstahler* (Sept. 18, 1996), Lorain App. No. 95CA006272, unreported, at 5, 1996 WL 527202. A plaintiff bears the burden of persuasion with respect to every aspect of his claim, including causation. See *Stinson v. England* (1994), 69 Ohio St.3d 451, 455, 633 N.E.2d 532, 537. We will not second-guess the trier of fact's conclusions as to the weight and credibility of the evidence. See *Henderson v. Spring Run Allotment* (1994), 99 Ohio App.3d 633, 639, 651 N.E.2d 489, 493–494.

Appellant cites several cases where it was determined that a new trial should be granted where the jury awarded damages inadequate to compensate the injured party for his losses. See, *e.g., Baum v. Augenstein* (1983), 10 Ohio App.3d 106, 10 OBR 129, 460 N.E.2d 701. These cases are clearly distinguishable in that the element of causation had already been established and the jury was only charged with awarding the plaintiff fair compensation for the damages that were undisputedly caused by the defendant. In the case *sub judice*, the element of causation was a contested issue.

■ Appellant contends that he did not have any problems with his back or limitations upon his activities prior to this accident. Appellee, however, offered evidence suggesting that most of appellant's more serious injuries were not the proximate result of this collision. Damage to the vehicle was not severe, and appellant and his girlfriend drove the car away after the accident. Appellant did not seek medical treatment until later that evening when he went to an emergency room with complaints of back pain; he was diagnosed with cervical lumbar strain and sent home. Appellee's medical expert, a board-certified radiologist, testified that both the herniated disc and the spinal instability preceded the accident, and were likely caused by the 1988 accident and surgery. The

radiologist presented images taken of appellant's back shortly after the accident in 1994 that showed the existence of advanced degenerative changes in the area of his original injury and surgery.

The verdict returned by the jury is consistent with appellee's theory that many of appellant's problems, and the medical expenses that might be incurred to treat them, are based upon a preexisting condition that was caused by the 1988 accident and surgery. The appellate court must be guided by a presumption of correctness and cannot substitute its judgment for that of the trial court on findings of fact that are supported by some evidence. See *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80–81, 10 OBR 408, 410–412, 461 N.E.2d 1273, 1276–1278. We find that there was competent, credible evidence to support the amount of damages awarded by the jury. Appellant's third assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and DICKINSON, J., concur.