OPINION
This matter presents a timely appeal from a jury verdict and judgment rendered upon such verdict by the Columbiana County Common Pleas Court, finding against defendant-appellee, Brad A. Witherstine, and awarding plaintiff-appellant, Tina M. Wade, nka Tina M. Lippiatt, damages in the amount of $560.00.
On or about December 18, 1995, an automobile accident occurred between appellee and appellant. Appellee testified that the accident was his fault, but disputed the fact that appellant could have been injured. (Tr. 255). He further testified he was traveling at a low speed and applied his brakes when he saw appellant's car stopped in the road. (Tr. 249-250). Appellee stated he was not traveling very fast when he rear-ended appellant. (Tr. 250). Appellant testified that the only damage to her vehicle was a scratch on the trailer hitch attached to the bumper of her vehicle. (Tr. 110).
Although the damage to the vehicles in question was reported to be light and both parties were described as being uninjured by the investigating police officer, appellant sought medical attention at a local emergency room where x-rays were taken and she was prescribed a pain reliever. Appellant was not satisfied with this treatment so she went to see her family physician. She complained to her physician about pain in her neck, middle of her back and across her shoulders. Her physician wrote her off work and prescribed medication for the pain. Appellant attended physical therapy which helped alleviate her back and neck pain. However, a couple weeks after the automobile accident, appellant fell down a flight of stairs and while trying to catch herself, she injured her shoulder. Appellant continued to have problems with her shoulder, so her physician sent her to an orthopedic specialist, Dr. Palutsis.
Appellant testified that some time prior to the automobile accident in question, she had injured her shoulder severely enough that she had to see her physician at least three times. (Tr. 128-131). She alleged, however, that she did not have any trouble with her shoulder immediately before the automobile accident. (Tr. 132-134). Dr. Palutsis testified as an expert witness that appellant did injure her shoulder and needed surgery. (Tr. 187). On the contrary, he also testified that after reviewing the emergency room records, it was clear that appellant did not complain of any pain other than the pain in her back while she was in the emergency room. (Tr. 198). Appellant specifically denied numbness in her arm and any pain other than in her back. (Tr. 198).
Appellant had shoulder surgery after which she could not work. Appellant did receive a paycheck from her employer while she was unable to work through her company's benefits plan. However, the amount was less than she would have made had she gone to work. Appellant's lost wages were in the amount of $560.00.
Appellee hired Edward J. Hanley (Hanley), an orthopedic surgeon, to evaluate appellant and testify as an expert witness. Hanley testified that the automobile accident was the proximate cause of appellant's neck sprain and back sprain. (Tr. 293). Hanley also testified that a sprain is a subjective complaint in that a patient complains about being in pain while the physician cannot see or feel anything wrong. (Tr. 304). This type of injury is known as a soft tissue injury and is completely subjective. (Tr. 303-304).
Appellant presented evidence that indicated she expended $3,639.00 on post-accident medical treatment. This amount included expenses relating to the neck and back strains, as well as the injury to her shoulder. In addition, appellant expended an additional $15,012.00 on just her shoulder injury.
On October 30, 1997, appellant filed a complaint against appellee alleging claims of personal injury and lost wages as a result of the aforementioned automobile accident. Following discovery, this matter proceeded to jury trial on June 28 and 29, 1999. The trial focused on the issues of proximate cause and damages as a result of appellee's admission of liability.
After due consideration of the testimony and evidence presented, the jury found in favor of appellant and awarded her damages in the amount of $560.00. Appellant failed to submit interrogatories to the jurors, which would have shed light on how it had calculated the damages. Instead, appellant filed a motion for a new trial on July 26, 1999, asserting that the jury had awarded inadequate damages, that the judgment was not sustained by the manifest weight of the evidence and that the jury failed to properly consider some of the elements of damage involved in appellant's claim. On August 4, 1999, the trial court denied the motion for a new trial. This appeal followed.
Appellant's sole assignment of error on appeal alleges:
 "The trial court erred in failing to grant a new trial where the jury verdict was inadequate and failed to include all elements of the plaintiff's damages."
Appellant argues that the amount of the jury award was identical to the amount of her lost wages and therefore, did not include any damages for her injuries or pain and suffering. Appellant states that because both expert witnesses said that the automobile accident caused the sprains, those injuries were not in dispute. Based on that, appellant believes the jury should have awarded her more in damages. Appellant claims that because the evidence contained reference to medical bills relating to her pain and suffering due to the neck and back sprain, the jury failed to consider all the elements of damages when it arrived at an amount equal to the lost wages. Appellant believes the award was inadequate and was the result of the jury's failure to include medical expenses and pain and suffering.
In the alternative, appellant believes the jury award resulted from passion and prejudice against her based upon the notion of the "haves" suing the "have nots." This presumption was founded on the fact that the record showed appellant had a good job, continuity benefits, a new truck, horses and trailers and a working husband, while appellee had just started to work at a minimum wage job.
Civ.R. 59 sets forth two separate grounds upon which a trial court may grant a new trial. "Civ.R. 59(A)(6) provides that a trial court may grant a new trial on the ground that the judgment `is not sustained by the weight of the evidence.' Civ.R. 59(A)(4) provides that a trial court may grant a new trial on the ground of excessive or inadequate damages that appear `to have been given under the influence of passion or prejudice.'"Pena v. Northeast Ohio Emergency Affiliates, Inc. (1995),108 Ohio App.3d 96, 103. It is within the sound discretion of the trial court to grant a new trial pursuant to Civ.R. 59(A)(4) or (6) and such decisions will not be reversed on appeal absent evidence of an abuse of discretion. Dillon v. Bundy (1991), 72 Ohio App.3d 767.
In order to prevail under Civ.R 59(A)(6), a movant must demonstrate either that "the jury awarded inadequate damages because it failed to consider an element of damages established by uncontroverted expert testimony" or that the jury's verdict was not based upon competent, substantial and credible evidence. Dillon, supra at 773-774 citing toBaum v. Augenstein (1983), 10 Ohio App.3d 106, 107-108. (See also, Wrightv. Kurth (March 22, 2000) Belmont App. No. 97-BA-39, unreported).
In the alternative, Civ.R. 59(A)(4) demands that the movant illustrate that the amount of the verdict is a reflection of the jury being swayed by "improper evidence, improper argument by counsel, or other inappropriate conduct which had an influence on the jury. * * *. [I]t must be demonstrated that the jury's assessment of the damages was so overwhelmingly disproportionate as to shock reasonable sensibilities. * * *. The mere size of the verdict is insufficient to establish proof of passion or prejudice." Pena, supra at 104.
In the present case, the record fails to demonstrate that the jury's verdict was a result of improper prejudice, which is necessary to support a claim under Civ.R 59(A)(4). The record does not offer any evidence to indicate that the jury was improperly influenced by appellant's socio-economic status as compared to that of appellee. Therefore, it cannot be said that appellant was entitled to a new trial pursuant to Civ.R. 59(A)(4). Moreover, the record also fails to illustrate that appellant was entitled to a new trial under Civ.R. 59(A)(6). While the record may illustrate that the medical experts conceded that the automobile accident in question caused injury to appellant, it fails to demonstrate that they were in agreement as to the nature and extent of such injuries. (See, Baum, supra). Considering that each expert offered a differing opinion, the issue then became a matter for the jury as they were in the best position to evaluate the credibility of these witnesses and to determine the weight to be afforded to their testimony. Walworthv. B.P. Oil Co. (1996), 112 Ohio App.3d 340, citing to State v. DeHass
(1967), 10 Ohio St.2d 230 . This court has further held that "[it] will not invade the province of the jury in determining the weight to be afforded to opinion evidence rendered by an expert. It is the duty of the jury to determine whether or not the facts upon which an expert opinion is based have been proven by the greater weight of the evidence."Pearson v. Wasell (Dec. 16, 1998), Columbiana App. No. 96-CO-73, unreported.
In affording such deference to the jury, the only issue remaining is whether the record provides substantial, competent and credible evidence to support the jury's verdict. Dillon, supra; (See also, Gerijo, Inc. v.City of Fairfield (1994), 70 Ohio St.3d 223). The record reflects that prior to the automobile accident in question, appellant had previously been treated for injuries to her shoulder and back. Appellant conceded that she sustained shoulder injuries as a result of falling and being pulled by her horse, and from a sledding accident. (Tr. 128-130, 157-159). Appellant's past medical records also show continued complaints regarding the shoulder for which she is now seeking compensation from appellee. (Tr. 270-272, 304). Appellant testified that she had injured her lower back while attempting to lift a heavy box. (Tr. 131). Additionally, appellant stated that she had fallen down a flight of stairs two weeks after the automobile accident, again injuring her shoulder. (Tr. 157-160).
The record reveals that on the day of the automobile accident, appellant sought emergency medical treatment solely for her neck and back, and it was only after seeing her family doctor that she began to complain of shoulder pain. (Tr. 300-301). Moreover, the record provides expert testimony that appellant's alleged shoulder injury was not a direct result of the accident, but rather, was a degenerative condition brought about by her prior injuries. (Tr. 276-285). This expert also stated that appellant's injuries to her neck and back amounted to a mild sprain of these areas. (Tr. 286). He further asserted that such soft tissue injuries are subjective, in that appellant was not experiencing spasms. (Tr. 303). The expert explained that such spasms would permit the treating physician to give an objective assessment of appellant's alleged pain and injury in these regions. (Tr. 303).
Based upon the testimony and evidence presented, it is conceivable that the jury found some minor soft tissue injuries had occurred, some medical treatment was necessary and as a result, appellant had experienced some pain and suffering. The record shows that the jury returned a general verdict awarding appellant $560.00. According to appellant's records she was charged approximately $500.00 for the emergency services and prescriptions she sought the day of the accident. However, appellant failed to submit interrogatories to the jury, which would have permitted the record to reflect how the jury arrived at the specific figure awarded. As a result, this court is precluded from second guessing the jury verdict.
It is conceivable that the jury felt that some compensation was in order, but found that appellant's additional treatments were unnecessary and not directly related to the automobile accident in question. The record reveals that the jury had before it substantial, competent and credible evidence from which to make its ultimate determination. Dillon,supra. Therefore, the record fails to illustrate that the trial court abused its discretion by denying appellant's motion for a new trial.Pena, supra. Accordingly, this court will not invade the province of the jury or the trial court. Pearson, supra.
Appellant's sole assignment of error on appeal is found to be without merit.
Donofrio, J., concurs, Waite, J., concurs.