DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Ann White appeals the order of the Summit County Court of Common Pleas granting a motion for new trial in favor of appellee-plaintiff Maria Handel. This Court affirms.
 I.
Maria Handel suffered extensive injuries in an automobile collision as a result of White's negligence. As a result of her injuries, Maria incurred medical expenses in the amount of $56,565.99. Maria Handel and her husband, Henry Handel, filed suit against White. The matter proceeded to trial. The jury returned a verdict of $18,000.00 for Maria and $1,600.00 for her husband for loss of consortium.
The Handels filed a motion for a new trial, arguing that the verdicts were facially inadequate. Specifically, the verdicts failed to account for Maria's medical expenses of $56,565.99. The trial court granted the motion.
White now appeals the order granting Maria Handel a new trial, asserting one assignment of error.
 II. ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN GRANTING PLAINTIFF MARIA HANDEL'S MOTION FOR A NEW TRIAL.
In her sole assignment of error, White alleges that the trial court improperly granted a new trial to plaintiff Maria Handel. This Court disagrees.
This Court has recently restated the law governing the granting of new trials in civil cases:
 Pursuant to Civ.R. 59(A), a new trial may be ordered when the irregularity in the proceedings of the court prevents an aggrieved party from having a fair trial or "in the sound discretion of the court for good cause shown." Civ.R. 59(A). Because the decision of directing a new trial rests within the sound discretion of the trial court, a reviewing court may reverse a denial of a new trial only if the trial court abused its discretion. See Yungwirth v. McAvoy (1972), 32 Ohio St.2d 285, 286. An abuse of discretion implies that a trial court's attitude is "unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
(Footnote omitted.) Burns v. Parikh (Jan. 31, 2000), Summit App. No. 19853, unreported. The trial court is charged with determining whether the verdict is supported by the manifest weight of the evidence and whether a manifest injustice was done. Rohde v. Farmer (1970),23 Ohio St.2d 82, paragraph three of the syllabus. "Generally, a new trial should be granted pursuant to Civ.R. 59(A)(6) where it appears that the jury awarded inadequate damages because it failed to consider an element of damages established by uncontroverted expert testimony."Dillon v. Bundy (1991), 72 Ohio App.3d 767, 773, appeal not allowed (1991), 61 Ohio St.3d 1422, citing Baum v. Augenstein (1983),10 Ohio App.3d 106, 107-108.
After reviewing the record of the case at bar, this Court finds that the trial court did not abuse its discretion in granting Maria Handel's motion for a new trial. White concedes in her brief that the trial was not about whether she was negligent, but rather was about the amount of the damages. Maria had an undisputed medical bill of $56,565.99, yet the jury verdict was for $18,000.00 to Maria and $1,600.00 to Henry. The vast disparity between the verdict amount and Maria's actual medical expenses is testament to the jury having lost its way.
White makes the novel claim that the granting of the new trial for Maria Handel was improper because the singular issue of damages for her medical expenses could have been relitigated in the granting of a new trial solely for Henry Handel. In the instant case, Maria and Henry Handel were plaintiffs in the same trial, and evidence was presented at the trial as to Maria's medical expenses. The instructions of the trial court relating to Maria's medical expenses were set forth under the definition of damages suffered by Maria. It is a sophistry unsupported by the record to argue that Maria's medical bills were solely attached to Henry Handel's loss of consortium claim. The necessity of a new trial for both parties should be left to the discretion of the trial judge who viewed the evidence as it was presented at trial.
Regardless, the paucity of the jury's verdict demonstrates that a manifest injustice was done to the Handels, justifying the trial court's decision to order a new trial for both Maria and Henry Handel. Accordingly, White's assignment of error is overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ DONNA J. CARR
BATCHELDER, P. J., BAIRD, J., CONCUR