DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, William Vasiloff, has appealed from a ruling of the Summit County Court of Common Pleas, granting appellee, Larry Stancil ("Stancil"), a new trial. This Court reverses.
 I.
Vasiloff and Stancil are neighbors. Stancil filed a complaint against Vasiloff alleging that Vasiloff was negligent in cutting down trees, some of which were located on Stancil's property. Stancil alleged that his property was diminished in value as a result of Vasiloff's cutting down trees that were on Stancil's property. Vasiloff admitted that he cut down the trees, but maintained that he did so with Stancil's knowledge and permission.
This matter was tried to a jury on the sole issue of damages for diminution of value of Stancil's property. The jury returned a verdict in favor of Stancil, and awarded him one thousand dollars in damages. Stancil then filed a motion for a new trial. The trial court granted Stancil's motion. Vasiloff filed a timely appeal, and has set forth two assignments of error.
 II. FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN GRANTING A NEW TRIAL PURSUANT TO CIVIL RULE 59(A) BY FAILING TO STATE THE COMPETENT AND CREDIBLE EVIDENCE AND/OR BASIS UPON WHICH IT RELIED IN DECIDING TO VACATE THE JURY'S VERDICT AND GRANT PLAINTIFF-APPELLEE'S MOTION FOR NEW TRIAL.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ORDERING A NEW TRIAL PURSUANT TO CIVIL RULE 59(A)(5) AND (6) THEREBY INVADING THE PROVINCE OF THE JURY BY IGNORING THE JURY'S VERDICT ON THE SOLE ISSUE OF WHAT DAMAGES WERE SUPPORTED BY COMPETENT AND CREDIBLE EVIDENCE IN THE TRIAL COURT RECORD.
For ease of discussion, the second assignment of error will be discussed first.
In his second assignment of error, Vasiloff has argued that the trial court abused its discretion in ordering a new trial. Essentially, Vasiloff is arguing that the trial court substituted its opinion for the jury's opinion on the issue of what damages were supported by competent and credible evidence in the record. This Court agrees.
This Court has restated the law governing the granting of new trials in civil cases:
 Pursuant to Civ.R. 59(A), a new trial may be ordered when the irregularity in the proceedings of the court prevents an aggrieved party from having a fair trial or "in the sound discretion of the court for good cause shown." Civ.R. 59(A). Because the decision of directing a new trial rests within the sound discretion of the trial court, a reviewing court may reverse a denial of a new trial only if the trial court abused its discretion. See Yungwrith v. McAvoy
(1972), 32 Ohio St.2d 285, 286. An abuse of discretion implies that a trial court's attitude is "unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
(Footnote omitted.) Burns v Parikh (Jan. 31, 2000), Summit App. No. 19853, unreported. The trial court is charged with determining whether the verdict is supported by the manifest weight of the evidence and whether a manifest injustice was done. Rohde v. Farmer (1970),23 Ohio St.2d 82, paragraph three of the syllabus. "Generally, a new trial should be granted pursuant to Civ.R. 59(A)(6) where it appears that the jury awarded inadequate damages because it failed to consider an element of damages established by uncontroverted expert testimony."Dillon v. Bundy (1991), 72 Ohio App.3d 767, 773, appeal not allowed (1991), 61 Ohio St.3d 1422, citing Baum v. Augenstein (1983),10 Ohio App.3d 106, 107-108.
After reviewing the record of the case at bar, this Court finds that the trial court abused its discretion in granting Larry Stancil's motion for a new trial. The journal entry states that the jury had no discretion as to the amount to award Stancil because Vasiloff did not call any experts to testify on his behalf regarding damages. In essence, the trial court stated that the evidence regarding damages was uncontroverted. This Court disagrees. A defendant may rebut plaintiff's prima facie case through cross-examination of plaintiff's experts. See Stinson v. England
(1994), 69 Ohio St.3d 451, 456. Vasiloff put the testimony of Stancil's experts at issue through cross-examination.
The trial court held that the only issue before the jury was whether Vasiloff had Stancil's permission to cut down the trees. The record shows that there was conflicting testimony regarding this issue. Stancil testified that he did not give Vasiloff permission to cut the trees that were on his property. Vasiloff, however, stated on the record that Stancil told him, "I don't care what you do, Bud".
When determining whether a new trial is in order, the trial judge must remember that it is initially the jury's function to weigh the evidence and to pass on the credibility of the witnesses. Verbon v Pennese
(1982), 7 Ohio App.3d 182, 183, citing Poske v. Mergl (1959),169 Ohio St. 70, 73-74. It was within the purview of the jury to decide whether or not to believe that Vasiloff had Stancil's permission to cut down the trees. Essentially, this issue came down to evaluating the credibility of the witnesses.
The trial court found that the amount that the jury awarded was not supported by any evidence. Specifically, it stated: "the resulting verdict is clearly against the manifest weight of the evidence and must be overturned". This Court disagrees. The jury was presented with evidence regarding damages and the diminution of value of Stancil's property and was free to weigh its value and credibility. A careful review of the evidence in the case sub judice reveals that the verdict was supported by competent, credible evidence.
It is well established that when a reviewing court is required to decide whether a verdict is supported by evidence of manifest weight, the court is guided by a presumption that the determination of the fact finder was indeed correct. Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80. Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. Id. A trial court abuses its discretion in granting a motion for new trial after a jury verdict where substantial evidence supports its verdict. Pearson v. Cleveland Acceptance Corp. (1969),17 Ohio App.2d 239, 242, paragraph one of the syllabus.
For the above stated reasons, Vasiloff's second assignment of error is found to be well taken.
In his first assignment of error, Vasiloff has argued that the trial court erred by failing to state the competent and credible evidence and/or basis upon which it relied in deciding to vacate the jury's verdict and grant Stancil's motion for a new trial. This Court does not need to address the merits of this assignment of error, as it has been rendered moot by this Court's disposition of Vasiloff's second assignment of error. See App.R. 12(A)(1)(c).
The order of the Summit County Court of Common Pleas granting a new trial is reversed. This cause is remanded to the court of common pleas for reinstatement of the judgment in accordance with the jury verdict.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
BATCHELDER, P.J. CONCURS