JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Donald Fedrowisch, appeals the denial of his motion for judgment notwithstanding the verdict and motion for new trial from the Cuyahoga County Court of Common Pleas. Finding no error in the proceedings below, we affirm.
 {¶ 2} Fedrowisch filed a lawsuit against defendant-appellee, Rachel Hoffman, alleging that he had been injured in a motor vehicle accident as a result of Hoffman's negligence.
 {¶ 3} This was a three-car accident in which Hoffman struck Allyson Robichaud's vehicle from behind, which, in turn, struck Fedrowisch's vehicle. Fedrowisch, Robichaud, and Hoffman testified that there was very little damage to the vehicles involved. No cars were towed, and no repairs were made.
 {¶ 4} At the scene, Robichaud complained that her neck was sore and that she had a headache. Fedrowisch joked that the only thing injured was his banana, which he had been eating when the accident occurred. No one went to the hospital. Robichaud testified that her headache and neck pain subsided within a couple of days, and she had no further problems.
 {¶ 5} Fedrowisch testified that he went straight to work from the accident. He was a server at Brio Tuscan Grille. He testified that shortly after his shift began, he started to feel pain in his neck and back. Fedrowisch complained to a supervisor and asked to leave early to seek medical treatment. He was not able to leave early *Page 2 
and worked until closing at 11:30 p.m.
 {¶ 6} The next day, Fedrowisch sought medical treatment at an urgent care facility. He complained of headaches, neck pain, and lower back pain radiating down his right leg to his knee. He was diagnosed with "trapezius strain, and lumbar strain."
 {¶ 7} After the pain did not subside for ten days, Fedrowisch sought treatment from Dr. Jonathon Waldbaum at Beachwood Orthopedics. Dr. Waldbaum testified that his initial impression was that Fedrowisch was suffering from post-traumatic headaches, cervical sprain, and lumbar sprain with radicular extension into the right leg. In addition, Dr. Waldbaum ordered an MRI scan of Fedrowisch's spine, which revealed a disc herniation at L5-S1. Dr. Waldbaum testified that Fedrowisch's injuries were the result of the motor vehicle accident with Hoffman.
 {¶ 8} Dr. Waldbaum testified that Fedrowisch went through eighteen weeks of physical therapy with little improvement. Dr. Waldbaum ordered him to stop working and recommended epidural injections. Eventually, Fedrowisch was referred to a spine surgeon who surgically corrected the problem.
 {¶ 9} The jury returned a defense verdict. Fedrowisch filed a motion for judgment notwithstanding the verdict and a motion for a new trial. The trial court denied Fedrowisch's motions, and this appeal followed.
 {¶ 10} Fedrowisch's first and second assignments of error state the following:
 {¶ 11} "The trial court erred by entering judgment in favor of defendant-appellee *Page 3 
after the jury returned a verdict in favor of defendant-appellee."
 {¶ 12} "The trial court erred by denying appellant's motion for judgment notwithstanding the verdict, and motion for new trial."
 {¶ 13} First, Fedrowisch argues that the verdict was not supported by sufficient evidence, thus his motion for judgment notwithstanding the verdict should have been granted.
 {¶ 14} We review the trial court's ruling on a motion for judgment notwithstanding the verdict de novo. Kanjuka v. MetroHealth Med.Ctr., 151 Ohio App.3d 183, 2002-Ohio-6803. A motion for a judgment notwithstanding the verdict pursuant to Civ. R. 50(B) tests the legal sufficiency of the evidence to go to the jury. Brooks v. Brost FoundryCo. (May 3, 1991), Cuyahoga App. No. 58065. The motion "should be denied if there is substantial evidence upon which reasonable minds could come to different conclusions on the essential elements of the claim. [Posin v. A.B.C. Motor Court Hotel, Inc. (1976), 45 Ohio St.2d 271, 275,344 N.E.2d 334.] Conversely, the motion should be granted where the evidence is legally insufficient to support the verdict. Id." McLeod v.Mt. Sinai Med. Ctr, 166 Ohio App.3d 647, 2006-Ohio-2206.
 {¶ 15} To establish a cause of action for negligence, the plaintiff must show (1) the existence of a duty, (2) a breach of duty, and (3) an injury proximately resulting therefrom. Menifee v. Ohio Welding Prod.,Inc. (1984), 15 Ohio St.3d 75, 77.
 {¶ 16} Fedrowisch argues that the jury heard only one opinion on causation, *Page 4 
and that opinion was that his injuries were the result of the motor vehicle accident caused by Hoffman. Fedrowisch insists that there were no grounds to render a verdict in favor of Hoffman. We disagree.
 {¶ 17} At trial, Fedrowisch, Robichaud, and Hoffman testified that there was very little damage to their vehicles, and none of the vehicles were repaired. Robichaud testified that she was hit from behind and that she "popped" into Fedrowisch's jeep. She described the impact as mild. Although Robichaud complained of a headache and neck pain at the scene, she testified that it subsided in a couple of days without medical treatment. Fedrowisch did not complain of any injuries at the scene. He even joked that the only thing injured was his banana, which fell on the floor after he was hit. Further, Fedrowisch worked all evening after the accident. Also, Fedrowisch had complained of back pain prior to the accident. Hoffman argued that this was a pre-existing condition.
 {¶ 18} Although, Dr. Waldbaum testified that the motor vehicle accident was the cause of Fedrowisch's injuries, we find that there was substantial evidence upon which reasonable minds could come to different conclusions on the essential elements of the claim; therefore, the trial court properly denied Fedrowisch's motion for judgment notwithstanding the verdict.
 {¶ 19} Next, Fedrowisch contends that the trial court abused its discretion when it denied his motion for a new trial. He challenges the jury verdict regarding damages and the proximate cause of his injuries as being against the manifest *Page 5 
weight of the evidence, pursuant to Civ. R. 59(A)(6).
 {¶ 20} When an appellate court reviews the denial of a motion for a new trial as against the weight of the evidence, the appellate court does not directly review whether the judgment was against the manifest weight of the evidence, rather it reviews whether the trial court abused its discretion. Malone v. Courtyard by Marriot L.P. (1996),74 Ohio St.3d 440, 448, 1996-Ohio-311. Absent some indication that the trial court's exercise of its discretion was unreasonable, arbitrary, or unconscionable, the judgment of the trial court will not be disturbed. Id.
 {¶ 21} When considering a Civ. R. 59(A)(6) motion for a new trial, a trial court must weigh the evidence and pass on the credibility of the witnesses. Edwards v. Haase (Aug. 1, 2001), Medina App. No. 3121-M. However, the trial court assesses the weight and credibility in a more limited sense than would a jury; the court is to determine, in light of its broad discretion, whether a manifest injustice has occurred. Id., citing Rohde v. Farmer (1970), 23 Ohio St.2d 82, paragraph three of the syllabus.
 {¶ 22} A trial judge should "abstain from interfering with the verdict unless it is quite clear that the jury has reached a seriously erroneous result." (Internal quotations omitted.) Bland v. Graves (1993),85 Ohio App.3d 644, 651. Where a verdict is supported by competent substantial and apparently credible evidence, a motion for a new trial will be denied. Verbon v. Pennese (1982), 7 Ohio App.3d 182, 183. Additionally, in reaching its verdict, the jury is free to believe all, part, or none of *Page 6 
the testimony of each witness. State v. Jackson (1993),86 Ohio App.3d 29, 33.
 {¶ 23} Furthermore, "[i]t is the function of the jury to assess the damages, and generally, it is not for a trial or appellate court to substitute its judgment for that of the trier of fact." Betz v. TimkenMercy Med. Ctr. (1994), 96 Ohio App.3d 211, 218. Generally, a new trial should be granted pursuant to Civ. R. 59(A)(6) only where it appears that the jury awarded inadequate damages because it failed to consider an element of damages established by uncontroverted testimony. Baum v.Augenstein (1983), 10 Ohio App.3d 106, 107-108.
 {¶ 24} Here, the trial court stated the following:
 "[I]t is well within the province of the Jury to judge the credibility of the witnesses and to give to their testimony such weight as they determine it deserves. It may be presumed that the Jurors considered the contradictions in the testimony of the Plaintiff, his girlfriend, and his expert witness. It may be presumed, too, that the Jurors considered Plaintiff's pre-existing low-back condition arising from his carrying [kegs] of beer, the fact that the collision caused very negligible damage to Plaintiff's vehicle indicating a very slight force-blow to Plaintiff, and Plaintiff's position in the vehicle vis-a-vis his claimed injury."
 {¶ 25} As the trial court noted, in reaching its verdict, the jury is free to believe all, part, or none of the testimony of each witness. Obviously, the jury did not believe that Fedrowisch's extensive injuries were the result of the minor collision at issue, and the trial court, after weighing the evidence, did not find that a manifest injustice occurred. We find that the trial court did not act unreasonably and, thus, did not abuse its discretion when it denied Fedrowisch's motion for new trial.
 {¶ 26} Fedrowisch's first and second assignments of error are overruled. *Page 7 
Judgment affirmed.
It is ordered that appellees recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. *Page 8 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 KENNETH A. ROCCO, J., and MARY J. BOYLE, J., CONCUR. *Page 1