[Cite as *Ruby v. Baird*, 2011-Ohio-6355.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| JAMES RUBY, ET AL. | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiffs-Appellees | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | |
| BRIAN J. BAIRD, ET AL. | : | Case No. 11-CA-7 |
| | : | |
| Defendants-Appellants | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common
Pleas, Case No. 2009CI0519


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      December 9, 2011


APPEARANCES:

For Plaintiffs-Appellees

GLEN R. PRITCHARD
471 East Broad Street
Suite 1550
Columbus, OH  43215

For Defendants-Appellants

ERIC J. STECZ
400 South Main Street
North Canton, OH  44720

*Farmer, J.*

{¶ 1}   On July 6, 2007, appellant, Brian Baird, was operating his vehicle when he collided with another vehicle being operated by appellee, James Ruby.  As a result of the accident, appellee sustained injuries.

{¶ 2}   On June 18, 2009, appellee, together with his wife, Stephanie Ruby, filed a complaint against appellant seeking damages for negligence.

{¶ 3}   A jury trial commenced on March 17, 2011.  The jury found in favor of appellee as against appellant in the amount of $7,500.00.

{¶ 4}   On April 11, 2011, appellees filed a motion for new trial or additur, for judgment notwithstanding the verdict, and for costs.  By judgment entry filed April 20, 2011, the trial court granted the motion for new trial.

{¶ 5}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶ 6}   "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ENTERED ITS APRIL 20, 2011, JUDGMENT ENTRY GRANTING PLAINTIFF'S MOTION FOR A NEW TRIAL."

I

{¶ 7}   Appellant claims the trial court erred in granting appellees' motion for a new trial.  We disagree.

{¶ 8}   Civ.R. 59(A) governs grounds for a new trial and states the following in pertinent part:

{¶ 9} "A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:

{¶ 10} "(4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;

{¶ 11} "(6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case;

{¶ 12} "(7) The judgment is contrary to law;

{¶ 13} "In addition to the above grounds, a new trial may also be granted in the sound discretion of the court for good cause shown."

{¶ 14} To support a finding of passion and prejudice, the record must demonstrate that the jury's assessment of the damages was so overwhelmingly disproportionate that it shocks the sensibilities of reasonable people. *Pena v. Northeast Ohio Emergency Affiliates, Inc.* (1995), 108 Ohio App.3d 96, 104. In assessing whether a verdict is contrary to the weight of the evidence, trial courts are vested with wide discretion to determine whether a manifest injustice has been done. *Rohde v. Farmer* (1970), 23 Ohio St.2d 82. Generally, a new trial should be granted pursuant to Civ.R. 59(A)(6) where it appears that the jury awarded inadequate damages because it failed to consider an element of damages established by uncontroverted expert testimony. *Baum v. Augenstein* (1983), 10 Ohio App.3d 106.

{¶ 15} Our standard of review on a motion for new trial is abuse of discretion. Civ.R. 59. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error

of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice, and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.

{¶ 16} Appellant argues after a two day trial and ten witnesses, the issue of damages was vigorously contested because of the nature and extent of appellee's pre-existing injuries. Appellant argues the jury's verdict "was not seriously erroneous or so gross as to shock the sense of justice and fairness." Appellant's Brief at 10.

{¶ 17} The general jury verdict awarded appellee $7,500.00. In Interrogatory No. 6, the jury specifically limited the damages award to past non-economic damages which was defined as "Pain and Suffering [includes physical pain, physical impairment, mental suffering, anxiety, and humiliation] and inability to perform normal activities [includes loss of enjoyment of life]."

{¶ 18} In ordering a new trial, the trial court found the following:

{¶ 19} "Upon full review, the Court finds that the failure of the jury to award the economic damages that were acknowledged as appropriate by the Defendant's expert leads to the conclusion that the verdict was not sustained by the weight of the evidence presented. Therefore, the Court FINDS that Plaintiff is entitled to a new trial." Judgment Entry filed April 20, 2011.

{¶ 20} It is important to note that pursuant to App.R. 9, a complete transcript of the record was not filed sub judice. Each of the three experts (two for appellees and one for appellant) were presented to the jury via "videotape" as noted by the court stenographer. T. at 134-135, 186. App.R. 9(B)(3) states, "[t]he appellant shall order the transcript in writing and shall file a copy of the transcript order with the clerk of the trial

court." App.R. 9 was amended to its present form on July 1, 2011. The 2011 Staff Notes following the rule specifically addresses the issue sub judice:

{¶ 21} "The amendments to App. R. 9 are designed to strike a balance between the trial court's autonomy in determining how to record proceedings in the trial court and the appellate court's preference for official transcripts in lieu of video recordings transcribed by counsel or counsel's assistants. Under App. R. 9(A), trial courts may choose to record proceedings through the use of a stenographic/shorthand reporter, an audio-recording device, and/or a video-recording device, except in capital cases, in which a stenographic/shorthand reporter is required. Regardless of the method of recording the proceedings, a transcript is required for the record on appeal; a videotaped recording of the trial court proceedings is no longer adequate.***"

{¶ 22} We concede that the new rule did not come into effect until after the transcript was filed on June 27, 2011. However, the new rule is analogous to the former rule. One deposition (Dr. James Brodell) was filed with the trial court prior to trial via a CD. However, the CD and the videotapes of the other two experts were not marked as exhibits nor preserved for the appellate record as mandated under former App.R. 9.

{¶ 23} In their motion for new trial filed April 11, 2011 at pages 3-4, appellees cited the trial court to the following deposition transcript of appellant's expert, Dr. Brodell:

{¶ 24} "Q. First of all, what injuries, based upon your review of the records, did you feel that Mr. Ruby suffered because of this accident?

{¶ 25} "A. Number one, a mild cervical sprain/strain. Number two, a mild lumbosacral sprain/strain.

{¶ 26} "Q. All right. And what medical management did you feel was appropriate for the treatment of those conditions?

{¶ 27} "A. Number one, the paramedics that arrived at the scene from Coshocton County. Secondly, the same day emergency room evaluation in the emergency department of CCMH. Number three, Douglas A, Myers, M.D., the family physician, for two to three months. CCMH physical therapy from July of 2007 to October of 2007. Number five, the MRI of the lumbosacral spine obtained on July 19th of 2007. And then lastly, the consultive visit of Dr. Coggins dated September 6th of 2007.

{¶ 28} "Trial deposition of Dr. James Brodell, p. 14-15."

{¶ 29} The testimony is substantiated by Plaintiff's Exhibits 7-12 and 20 which evidence appellee's medical bills totaling $14,901.42.

{¶ 30} The trial court witnessed Dr. Brodell's testimony at trial and heard the testimony concerning appellee's immediate medical treatment. We conclude the trial court's decision was based on these facts.

{¶ 31} Appellant argues this is not enough to warrant a new trial. Although we cannot verify Dr. Brodell's testimony via the appellate record, we nonetheless find his admissions to be substantial and credible to warrant a new trial.

{¶ 32} Upon review, we find the trial court did not abuse its discretion in granting the motion for new trial.

{¶ 33} The sole assignment of error is denied.

{¶ 34} The judgment of the Court of Common Pleas of Coshocton County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Edwards, J. concur.


s/ Sheila G. Farmer_____


s/ William B. Hoffman_____


s/ Julie A. Edwards_____

JUDGES


SGF/sg 1118

IN THE COURT OF APPEALS FOR COSHOCTON COUNTY, OHIO

FIFTH APPELLATE DISTRICT

JAMES RUBY, ET AL.                      :
                                        :
        Plaintiffs-Appellees            :
                                        :
-vs-                                    :           JUDGMENT ENTRY
                                        :
BRIAN J. BAIRD, ET AL.                  :
                                        :
        Defendants-Appellants           :           CASE NO. 11-CA-7


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Coshocton County, Ohio is affirmed. Costs to appellants.


                                        s/ Sheila G. Farmer_____


                                        _s/ William B. Hoffman_____


                                        _s/ Julie A. Edwards_____

                                        JUDGES