DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Amee Dyson, appeals the decision of the Summit County Court of Common Pleas which awarded judgment in her favor in the amount of $15, 000. This Court affirms.
 I. {¶ 2} Ms. Dyson was severely injured in an automobile collision on July 20, 2002. As a result of the collision, Ms. Dyson was hospitalized and had surgery on her back and a resection of her small bowel. Within weeks of the collision, she
 was released to return to work. *Page 2 
 {¶ 3} On May 23, 2003, Ms. Dyson was again involved in an automobile accident. This accident led to the underlying litigation in this matter. The collision was caused by James Visingarde, an employee of V and V Appliance Parts, Inc. At the time of the accident, Mr. Visingarde was operating a vehicle owned by V and V Appliance Parts Inc. ("V and V"), and was within the course and scope of his employment.
 {¶ 4} On April 22, 2005, Ms. Dyson filed a complaint for injuries she sustained as a result of the collision on May 23, 2003. On June 9, 2006, a notice of voluntary dismissal was filed. On July 21, 2006, Ms. Dyson refiled her complaint against V and V and James Visingarde. The matter proceeded to a jury trial at the end of which judgment was entered in favor of Ms. Dyson and against V and V in the amount of $15, 000. Ms. Dyson filed a motion for a new trial which was denied by the trial court on March 14, 2007. Ms. Dyson timely appealed, setting forth one assignment of error for review. V and V filed a cross-appeal, asserting one argument. This Court will address the appeal first.
 II. ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRED IN FAILING TO GRANT A NEW TRIAL SINCE THE JURY AWARDED INADEQUATE DAMAGES, THE VERDICT IS NOT SUSTAINED BY THE WEIGHT OF THE EVIDENCE, AND GOOD CAUSE EXISTS FOR A NEW TRIAL." *Page 3 
 {¶ 5} In her sole assignment of error, Ms. Dyson asserts that the trial court erred in denying her motion for a new trial. Specifically, Ms Dyson argues that the jury's award of $15, 000.00 in damages was against the manifest weight of the evidence. This Court disagrees.
 {¶ 6} On appeal, Ms. Dyson challenges the jury verdict regarding the amount of damages awarded per Civ.R. 59(A)(4), (6) and (7).[1] Upon a timely motion, the trial court may grant a new trial when a jury has awarded "[e]xcessive or inadequate damages, appearing to have been given under the influence of passion or prejudice" or when "[t]he judgment is not sustained by the weight of the evidence." Civ.R. 59(A)(4), (6). Although Ms. Dyson asserted both grounds as a basis for a new trial, the entirety of her argument with respect to inadequate damages was a recitation of her injuries and of her award and a declaration that the award was inadequate. Assuming, arguendo, that the award was inadequate, Ms. Dyson did not assert that the award appeared to be given under the influence of passion or prejudice. Nor did she point to any portion of the record that would support that proposition. Therefore, Ms. Dyson has failed to assert, let alone to *Page 4 
demonstrate, that she was entitled to a new trial because the jury, under the influence of passion or prejudice, awarded inadequate damages.
 {¶ 7} "When an appellate court reviews the grant or denial of a motion for a new trial as against the weight of the evidence, the appellate court does not directly review whether the judgment was against the manifest weight of the evidence." Snyder v. Singer (May 17, 2000), 9th Dist. No. 99CA0020, citing Malone v. Courtyard by Marriot L.P. (1996),74 Ohio St.3d 440, 448. When considering a Civ.R. 59(A)(6) motion for a new trial, a trial court must weigh the evidence and pass on the credibility of the witnesses. Edwards v. Haase (Aug. 1, 2001), 9th Dist. No. 3121-M. However, the trial court assesses the weight and credibility in a more limited sense than would a jury; the court is to determine, in light of its broad discretion, whether a manifest injustice has occurred. Id., citing Rohde v. Farmer (1970), 23 Ohio St.2d 82, paragraph three of the syllabus. Thus, an appellate court reviews the court's decision on that matter for an abuse of discretion.Rohde, 23 Ohio St.2d at paragraph one of the syllabus. Absent some indication that the trial court's exercise of its discretion was unreasonable, arbitrary, or unconscionable, the judgment of the trial court will not be disturbed. Snyder, supra.
 {¶ 8} A trial judge should "abstain from interfering with the verdict unless it is quite clear that the jury has reached a seriously erroneous result." (Internal quotations omitted.) Bland v. Graves (1993),85 Ohio App.3d 644, 651. Where a *Page 5 
verdict is supported by competent substantial and apparently credible evidence, a motion for a new trial will be denied. Verbon v.Pennese (1982), 7 Ohio App.3d 182, 183. Additionally, in reaching its verdict, the jury is free to believe all, part, or none of the testimony of each witness. State v. Jackson (1993), 86 Ohio App.3d 29, 33.
 {¶ 9} Furthermore, "[i]t is the function of the jury to assess the damages, and generally, it is not for a trial or [appellate] court to substitute its judgment for that of the trier-of fact." Betz v. TirnkenMercy Med. Ctr. (1994), 96 Ohio App.3d 211, 218, quoting Villella v.Waikem Motors, Inc. (1989), 45 Ohio St.3d 36, 40. Generally, a new trial should be granted pursuant to Civ.R. 59(A)(6) only where it appears that the jury awarded inadequate damages because it failed to consider an element of damages established by uncontroverted testimony. Baurn v.Augenstein (1983), 10 Ohio App.3d 106, 107-108.
 {¶ 10} In her motion for a new trial, Ms. Dyson stated:
 "Based on the jury's finding in favor of Plaintiff on the issue of liability and the parties' stipulation of medical bills in the amount of $39, 659.10, the jury's damage award of $15, 000.00 was inadequate, not sustained by the weight of the evidence and contrary to law."
 {¶ 11} In support of her argument, Ms. Dyson argues that the parties stipulated that her medical bills were at least $39, 659.10, and that once the jury found in her favor on liability, it was "required to award damages consistent with" the alleged stipulation. The following dialogue took place regarding the alleged stipulation that Ms. Dyson refers to: *Page 6 
 "The Court: At this point I want to go over with you something that has been agreed to between the parties. I'm positive they'll tell me if I don't say this correctly.
 "Medicaid paid the bills of this individual. If, in fact, there is a verdict awarded to her, the amount that she will have to pay, and you'll get this in writing, but just so you understand what this paper says, the amount that she will have to pay back to Medicaid is $39, 659.10.
 "Attorneys, did I say that correctly?"
 "Mr. Zavarello: Yes Your Honor."
 "The Court: Okay. All right."
It is clear from the record that the parties did not stipulate as to the causation of or the amount of damages that Ms. Dyson allegedly sustained, but rather to the amount of medical bills that Medicaid had paid on her behalf.
 {¶ 12} To support her claim that the accident caused by V and V's employee on May 23, 2003, was the cause of the damages being sought in the present matter, Ms. Dyson presented the testimony of Dr. James Bressi, director of pain management at Cuyahoga Falls General Hospital. Dr. Bressi stated that he specializes in chronic pain management, which is pain that lasts 3 months or longer even though healing may have occurred. Dr. Bressi testified that he began treating Ms. Dyson in November 2003, approximately 6 months after the May 2003 accident. Dr. Bressi testified that, in his opinion, the injuries Ms. Dyson sustained as a result of the May 2003 accident rendered her permanently disabled and that she would have to seek medical attention for the rest of her life. However, on cross-examination, Dr. Bressi admitted that according to Ms. *Page 7 
Dyson's medical records after the July 20, 2002 accident and before the May 23, 2003 accident, she suffered from chronic back pain.
 {¶ 13} V and V did not admit at any time during the trial proceedings that the accident caused by its employee was the sole cause of the injuries allegedly suffered by Ms. Dyson in this matter. In addition to cross-examining Ms. Dyson's expert regarding whether her medical bills were reasonable, necessary, and related to the accident caused by its employee, V and V presented contradicting testimony from its own expert, Dr. Harvey M. Friedman.
 {¶ 14} Dr. Friedman testified that, after reviewing Ms. Dyson's medical records, it was his conclusion that the injuries claimed by her in this matter were a continuation of the accident she was involved in sometime in July of 2002. Dr. Friedman testified that Ms. Dyson's medical records indicated that the injuries she sustained from the accident in May of 2003 were soft tissue injuries and were not permanent. Dr. Friedman concluded that according to Ms. Dyson's medical records, she had chronic back pain after the July 2002 accident and there appeared to be no change in her symptoms after this May 2003 accident. This Court also notes that the trial court stated on the record: "At no time have you stipulated that these bills were related."
 {¶ 15} Given the above testimony from each of the medical experts, it is clear that this was not a case in which there was uncontroverted testimony regarding damages. Therefore, this Court cannot conclude that the trial court *Page 8 
abused its discretion with regard to Ms. Dyson's argument concerning the alleged stipulation regarding her medical bills.
 {¶ 16} Ms. Dyson further claims that the jury verdict is against the manifest weight of the evidence because the jury only awarded her medical damages and did not include an award for pain and suffering. However, the verdict form does not break down the $15, 000.00 awarded by the jury, so it is impossible to tell whether or not the award includes an amount for pain and suffering. Assuming arguendo that the jury did not award Ms. Dyson any damages for pain and suffering, this Court has held: "It does not follow that in a matter wherein a jury awards damages for medicals * * * that automatically an award for pain and suffering must follow. Evidence relative to pain and suffering in damage evaluations is within the province of the fact-finder." Bradley v. Cage (Feb. 27, 2002), 9th Dist. No. 20713, quoting Baughman v. Krebs (Dec. 10, 1998), 8th Dist. No. 73832.
 {¶ 17} After reviewing the record, this Court cannot conclude that the trial court abused its discretion in denying Ms. Dyson's motion for a new trial. Consequently, Ms. Dyson's sole assignment of error is overruled.
 V AND V'S CROSS-ASSIGNMENT OF ERROR "IN THE EVENT THAT THIS COURT ORDERS A NEW TRIAL ON THE ISSUE OF DAMAGES BECAUSE THE JURY'S AWARD WAS INADEQUATE AND NOT SUPPORTED BY THE *Page 9 
WEIGHT OF THE EVIDENCE, THE PARTIES MUST RETRY THE ENTIRE CASE NOT JUST THE DAMAGES PORTION."
 {¶ 18} In its cross-appeal, V and V argues that if this Court finds that a new trial is warranted, the parties must retry the entire case and not just the issue of damages. Given this Court's finding that a new trial is not warranted, this argument is moot. Therefore, this Court declines to address it. App.R. 12(A)(1)(c).
 III. {¶ l9} Ms. Dyson's sole assignment of error is overruled. V and V's cross-assignment of error has been rendered moot. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). *Page 10 
The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant/cross-appellee.
SLABY, P. J. DICKINSON, J., CONCUR.
[1] This Court notes that in her motion for a new trial, Ms. Dyson did not argue that a new trial was warranted under Civ.R. 59(A)(7). Therefore, this Court will limit its discussion to Ms. Dyson's arguments presented pursuant Civ.R. 59(A)(4) and (6). See Bank One N.A. v.Swartz, 9th App. Dist. No. 03CA008308, 2004-Ohio-1986, at ¶ 17. *Page 1