DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 INTRODUCTION {¶ 1} This case grew out of a minor automobile collision in a bank parking lot. Emily Roetzel negligently backed her car into the driver's side door of Dawn Watkins's car. Ms. Watkins, who had backed her car out of a parking space immediately before Ms. Roetzel struck it, sued Ms. Roetzel for personal injuries, and a jury awarded her $2000. She moved for a new trial on damages, and the trial court denied that motion. This Court affirms the trial court's denial of Ms. Watkins's motion for new trial because Ms. Watkins has not pointed to anything in the record that would have inflamed the jury's passion or prejudice and the trial *Page 2 
court did not abuse its discretion by determining that the jury's damage award was not against the manifest weight of the evidence.
 MS. WATKINS'S INJURIES {¶ 2} The collision left a large dent in Ms. Watkins's driver's side door. The driver's side window, which was closed at the time of the impact, did not break. Ms. Watkins testified that she "jumped" in her seat when Ms. Roetzel backed into her car, but did not testify that there was any kind of secondary impact. She did not believe she was injured and did not seek medical attention on the day of the collision.
 {¶ 3} Ms. Watkins had a history of suffering from migraine headaches, and she testified that, later on the day of the collision, she had a "really, really, really bad headache," which she attributed to "stressing out over the car." She further testified that, the following day, she felt "like pulling" on her left side and her shoulder was a little sore.
 {¶ 4} Ms. Watkins visited her family physician within the week following the collision because her shoulder was "very stiff." According to her, her family physician diagnosed her as having "a trapezius strain." She missed three weeks of work following the collision.
 {¶ 5} Over the next thirty-two months, Ms. Watkins visited a physical therapist, an orthopedist, a chiropractor, a neurologist, a second neurologist, an anesthesiologist, and a masseuse, all related to problems she claimed were caused *Page 3 
by the automobile collision. She sought $8433 in medical expenses, $667.25 in lost wages, and an unstated amount for pain and suffering.
 {¶ 6} A year prior to Ms. Roetzel backing into her car, Ms. Watkins had been in a similar collision in a different parking lot. An orthopedic surgeon who testified on behalf of Ms. Roetzel compared X-rays of Ms. Watkins's neck taken after that first collision with an X-ray taken the day after Ms. Roetzel hit her car. He testified that the later X-ray showed no new injuries. He further testified that an MRI from seventeen months after the second collision showed mild degenerative changes in Ms. Watkins's neck that would not have been related to the collisions. He opined that, at most, Ms. Watkins "sustained a soft tissue-type strain of the cervical trapezial area, which can be called a neck strain," as a result of the collision with Ms. Roetzel. He further opined that the treatment Ms. Watkins received in the first eight weeks would have been related to that neck strain, but that treatment she received after that time would have related to either preexisting or later occurring, unrelated conditions. The cost of Ms. Watkins's treatment during the first eight weeks was approximately $1800.
 {¶ 7} The jury awarded Ms. Watkins $2000, and she moved for a new trial on damages. The trial court denied her motion, and she appealed to this court. Her sole assignment of error is that the trial court incorrectly denied her motion for new trial.
 STANDARD OF REVIEW *Page 4 {¶ 8} Rule 59(A) of the Ohio Rules of Civil Procedure provides that a trial court "may" grant a new trial on any of nine specific grounds or for "good cause shown." If an appellant's motion for new trial required the trial court to exercise its discretion, this Court's review of the order granting or denying that motion is limited to determining whether the trial court abused its discretion. Rohde v. Farmer,23 Ohio St. 2d 82, syllabus paragraph one (1970). When the grant or denial of a new trial required resolution of a legal question, this Court's review is de novo. Id, syllabus paragraph two.
 PASSION OR PREJUDICE {¶ 9} Ms. Watkins's first argument is that the trial court should have granted her a new trial under Rule 59(A)(4), because the jury awarded her inadequate damages that, according to her, appear to have been given under the influence of passion or prejudice. The trial court determined that the damage award was not a result of passion or prejudice.
 {¶ 10} Ms. Watkins did not support her motion for new trial by pointing to anything in the record that might have inflamed the jury's passion or prejudice. She did not argue to the trial court that incompetent evidence was admitted; that there was misconduct by the court or by Ms. Roetzel's lawyer; or that anything else happened during the trial that may have swayed the jury in its award of damages. SeeJeanne v. Hawkes Hosp. of Mt. Carmel, 74 Ohio App. 3d 246, 257 (1991) (quoting Fromson Davis Co. v. Reider, 127 Ohio St. 564, syllabus *Page 5 
paragraph three (1934)). Rather, her argument in support of her claim that she was entitled to relief under Rule 59(A)(4) was based solely on the size of the damage award.
 {¶ 11} This Court has held that "[t]he mere size of an award, while relevant, is insufficient to establish the existence of passion or prejudice." Karson v. Ficke, 9th Dist. No. 01CA3252-M, 2002-Ohio-4528, at ¶ 23 (citing Jeanne v. Hawkes Hosp. of Mt. Carmel,74 Ohio App. 3d 246, 257 (1991)). "Instead, `[t]here must be something contained in the record which the complaining party can point to that wrongfully inflamed the sensibilities of the jury.'" Id. (quoting Shoemaker v.Crawford, 78 Ohio App. 3d 53, 65 (1991)). Accordingly, as a matter of law, the trial court was not in a position to exercise its discretion under Rule 59(A)(4) to grant Ms. Watkins a new trial. To the extent Ms. Watkins's assignment of error is addressed to the trial court's denial of her motion for a new trial under Rule 59(A)(4), it is overruled.
 MANIFEST WEIGHT OF THE EVIDENCE {¶ 12} Ms. Watkins's second argument is that she was entitled to a new trial under Rule 59(A)(6) because the jury's verdict was not sustained by the weight of the evidence. It is important to recognize that this argument does not call upon this Court to itself review the weight of the evidence. See Bradford Supply Co. v. N.S Marketing Inc., 4th Dist. No. 90CA3, 1991 WL 156419 (Aug. 12, 1991). Rather, this Court must determine whether the trial court abused its discretion by *Page 6 
determining that the jury's award was not against the manifest weight of the evidence. Mannion v. Sandel, 91 Ohio St. 3d 318, 321 (2001).
 {¶ 13} This Court must first determine whether the trial court's order denying Ms. Watkins's motion for new trial is specific enough to permit a determination of whether it abused its discretion. Id. at 321-22 (citing Anted v. Olde Worlde Products Inc., 9 Ohio St. 3d 144, 147
(1984)). The trial court noted that there were witnesses "on either side of the issues of proximate cause and of damages." It further noted that Ms. Watkins had claimed that she "suffered permanent injury, an aggravation of an underlying fibromyalgia condition, and a nerve block in her left arm" and that Ms. Roetzel had "strongly disputed each of these claims." It concluded that the jury had not created "a manifest injustice" by awarding Ms. Watkins $2000.
 {¶ 14} The trial court's order is minimally adequate. It would have been helpful if the trial court would have pointed out that an orthopedic surgeon called by Ms. Roetzel testified that, in his opinion, Ms. Watkins suffered, at most, a neck strain and that only the treatment she received during the first eight weeks after the collision, the cost of which was approximately $1800, would have been related to that neck strain. It could have also pointed out that a neurologist who testified for Ms. Watkins had to concede on cross examination that she had not known about Ms. Watkins's earlier parking lot collision; a collision that she had also claimed caused her neck strain. The neurologist had to further concede that she had not *Page 7 
known that Ms. Watkins had a history of migraine headaches and that she did not believe that the collision had caused Ms. Watkins's fibromyalgia, but only that it may have aggravated it. It could have pointed out that Ms. Watkins did not believe she was injured until after she had spoken to her mother or that the jury could have reasonably concluded that Ms. Watkins did not need to miss three weeks of work as a result of such a minor collision.
 {¶ 15} After a thorough review of the record, this Court cannot conclude that the trial court's order denying Ms. Watkins a new trial under Rule 59(A)(6) was unreasonable, arbitrary, or unconscionable. SeeMannion, 91 Ohio St. 3d at 322 (citing Rohde v. Farmer,23 Ohio St. 2d 82, 87 (1970)). To the extent Ms. Watkins's assignment of error is addressed to the trial court's denial of her motion for new trial under Rule 59(A)(6), it is overruled.
 GOOD CAUSE {¶ 16} In addition to the nine specific grounds for a new trial listed in Rule 59(A), a trial court is afforded discretion by that rule to grant a new trial "for good cause shown." Although Ms. Watkins has suggested to this Court that the trial court should have granted her a new trial "for good cause shown," she has not suggested what constituted that good cause, other than the size of the damage award. This Court has already determined that the trial court did not abuse its discretion by concluding that the damage award was not against the manifest weight of the evidence. Accordingly, the size of the award alone also did not *Page 8 
constitute good cause within the meaning of Rule 59(A). That part of Ms. Watkins's assignment of error that is addressed to the trial court's failure to grant her a new trial "for good cause shown" is overruled.
 CONCLUSION {¶ 17} Ms. Watkins' assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to appellant. *Page 9 
 SLABY, P. J., MOORE, J., CONCUR. *Page 1