[Cite as *State v. Horn*, 2015-Ohio-3625.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| TYRONE HORN | : | Case No. 15-CA-04 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:   Appeal from the Licking County
Municipal Court, Case No.
14TRC09541

JUDGMENT:   Affirmed

DATE OF JUDGMENT:   September 3, 2015

APPEARANCES:

For Plaintiff-Appellee   For Defendant-Appellant

J. MICHAEL KING   ROBERT CALESARIC
City of Newark Assistant Law Director   35 South Park Place, Suite 150
40 West Main Street, 4th Floor   Newark, OH 43055
Newark, OH 43055

*Baldwin, J.*

{¶1} Appellant Tyrone Horn appeals a judgment of the Licking County Municipal Court convicting him of driving under the influence in violation of R.C. 4511.19(A)(1)(a) and R.C. 4511.19(A)(2). Appellee is the State of Ohio.

## STATEMENT OF FACTS AND CASE

{¶2} Trooper Justin Hurlbert of the Ohio State Highway Patrol was on patrol on State Route 79 in Heath, Ohio, on August 30, 2014. At approximately 8:45 a.m., he stopped appellant for speeding. Appellant pulled into a business parking lot.

{¶3} Immediately upon approaching the vehicle, Trooper Hurlbert noted a strong odor of alcohol. Appellant's eyes were glassy and bloodshot, and his speech was slurred. Appellant's pupils were unusually constricted.

{¶4} The trooper moved appellant to the front seat of the cruiser, where the trooper noted a strong odor of alcohol on appellant's breath. When the trooper asked appellant why his pants were wet, appellant gave an answer that did not make sense. Appellant admitted that he and a friend split an 18-pack of beer the night before and had stopped drinking at 11 p.m., although the trooper believed the odor of alcohol was too strong for appellant to have stopped drinking at that time. Appellant demonstrated six out of six clues of alcohol impairment on the horizontal gaze nystagmus test. Appellant was unable to successfully complete a finger dexterity test, as he missed touching his fingers to his thumb. When asked to recite the alphabet from D to N, appellant started at A, went past N, then stopped and said he did not know the alphabet. He was able to count backwards from 53 to 38.

{¶5} Trooper Hurlbert asked appellant to step out of the cruiser for further field sobriety testing. Appellant exhibited 3 out of 8 clues of impairment on a walk-and-turn test, and two out of four clues of impairment on the one-leg stand test. Based on the totality of the circumstances, the trooper concluded that appellant was driving while impaired and placed him under arrest. While appellant was jovial with the trooper up to this point, he became accusatory after the arrest. Appellant told Trooper Hurlbert that he was ruining appellant's life by taking his license, and his life was over. He started to sob in the back of the cruiser. At the police station, appellant continued to blame the trooper for ruining his life.

{¶6} The trooper was concerned about the presence of narcotics in appellant's system due to his constricted pupils, and asked appellant to submit to a urine test which would detect the presence of drugs in addition to alcohol. Appellant refused the test.

{¶7} Appellant was charged with driving while under the influence of alcohol and or a drug of abuse in violation of R.C. 4511.19(A)(1)(a), and driving under the influence of alcohol and or a drug of abuse and refusing a chemical test with a prior conviction for driving under the influence in the last 20 years, in violation of R.C. 4511.19(A)(2). The case proceeded to jury trial and he was convicted as charged. He was sentenced to 90 days incarceration with 70 days suspended, and fined $600. His operator's license was suspended for one year and he was placed on probation for two years.

{¶8} He assigns two errors on appeal:

{¶9} "I. IT WAS HARMFUL ERROR FOR THE TRIAL COURT TO INSTRUCT THE JURY THAT THEY COULD FIND APPELLEE [SIC] GUILTY OF OVI FOR

HAVING INGESTED 'AND OR A DRUG OF ABUSE' AFTER THE STATE MADE SUCH ALLEGATIONS BY INTRODUCING EVIDENCE OF CONSTRICTED PUPILS WHEN NO DRUG OF ABUSE HAD BEEN IDENTIFIED AND NO EXPERT OPINION EVIDENCE WAS OFFERED.

{¶10} "II. THE TRIAL COURT COMMITTED HARMFUL ERROR FOR NOT GRANTING APPELLANT'S MOTION FOR A NEW TRIAL AFTER DEPRIVING APPELLANT OF A FAIR TRIAL FOR ALLOWING THE JURY TO CONSIDER EVIDENCE OF DRUG IMPAIRMENT WHEN THERE WAS NO EXPERT OPINION OR RESULT ESTABLISHING THAT APPELLANT HAD CONSUMED A DRUG OF ABUSE."

I.

{¶11} In his first assignment of error, appellant argues that the court erred in instructing the jury that he could be convicted for impairment by alcohol and or a drug of abuse because there was no evidence of illegal drug use nor evidence that appellant was impaired by reason of drug use.

{¶12} As to count one, the court first instructed the jury that appellant was charged with operating a vehicle while under the influence of alcohol, without including the statutory language "and or a drug of abuse." The court then instructed the jury as to count two that appellant was charged with "operating a vehicle while under the influence of alcohol and or a drug of abuse, refusing to submit to a chemical test and having been previously convicted within the past 20 years of an OVI offense." At the end of the instructions, the court corrected the difference between the two counts as follows:

{¶13} "Now folk's god forbid I say this but I actually made a mistake um.... you may have noticed a difference in my verbiage between the first count and the second count. Under Ohio Law under 4511.19 the statute reads that it is illegal to operate a vehicle under the influence of alcohol and or a drug of abuse. So I am going to correct that by adding and or a drug of abuse to where the....where count one is located[.]" Tr. 269.

{¶14} We note that appellant did not object to the Trooper's testimony that he was concerned about narcotics because of appellant's constricted pupils, and that he requested that appellant take a urine test because of these concerns.

{¶15} In *Neder v. United States*, 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999), the United States Supreme Court held that because the failure to properly instruct the jury is not in most instances structural error, the harmless-error rule of *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, applies to a failure to properly instruct the jury, for it does not *necessarily* render a trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence. *Chapman* requires that "before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." *Chapman,* supra, at 24.

{¶16} In the instant case, there was abundant evidence to support the jury's verdict that appellant was driving while impaired by reason of alcohol use. Immediately upon approaching appellant's vehicle after stopping him for speeding, Trooper Hurlbert noted a strong odor of alcohol. Appellant's eyes were glassy and bloodshot, and his speech was slurred. The trooper moved appellant to the front seat of the cruiser, where the trooper noted a strong odor of alcohol on appellant's breath. When the

trooper asked appellant why his pants were wet, appellant gave an answer that did not make sense. Appellant admitted that he and a friend split an 18-pack of beer the night before and had stopped drinking at 11 p.m., although the trooper believed the odor of alcohol was too strong for appellant to have stopped drinking at that time. Appellant's friend testified on appellant's behalf, and admitted that he and appellant each had nine beers the preceding night. Appellant demonstrated six out of six clues of alcohol impairment on the horizontal gaze nystagmus test. Appellant was unable to successfully complete a finger dexterity test, as he missed touching his fingers to his thumb. When asked to recite the alphabet from D to N, appellant started at A, went past N, then stopped and said he did not know the alphabet. He was able to count backwards from 53 to 38. Trooper Hurlbert asked appellant to step out of the cruiser for further field sobriety testing. Appellant exhibited 3 out of 8 clues of impairment on a walk-and-turn test, and two out of four clues of impairment on the one-leg stand test. The trooper concluded that appellant was under the influence of alcohol. Based on the extensive evidence that appellant was driving while intoxicated due to alcohol use, any error in including the language in the instruction regarding drug usage was harmless.

{¶17} Appellant argues that because the jury returned with a question regarding whether the verdict form should read "alcohol and or drugs of abuse" as to the first count, an inference could be drawn that the jury would not have found him guilty based on alcohol alone. We disagree. The court had changed the oral and written instructions as to count one, but had not changed the verdict form to conform to the oral and written instructions. The jury may have asked the question because the instructions and the verdict forms were inconsistent, rather than because they would have acquitted him if

the instruction was solely based on alcohol. We decline to speculate on why the jury asked this question, as it is not the function of the reviewing court to speculate on why the jury asks a question during the course of its deliberations. *Salvatore v. Findley,* 10th Dist. Franklin No. 07AP-793, 2008-Ohio-3294, ¶21.

{¶18} The first assignment of error is overruled.

II.

{¶19} In his second assignment of error, appellant argues that the court erred in overruling his motion for new trial based on the erroneous jury instruction regarding impairment due to a drug of abuse.

{¶20} Crim. R. 33(A) provides grounds for a motion for new trial:

{¶21} A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:

(1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial;

(2) Misconduct of the jury, prosecuting attorney, or the witnesses for the state;

(3) Accident or surprise which ordinary prudence could not have guarded against;

(4) That the verdict is not sustained by sufficient evidence or is contrary to law. If the evidence shows the defendant is not guilty of the degree of crime for which he

was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the verdict or finding accordingly, without granting or ordering a new trial, and shall pass sentence on such verdict or finding as modified;

(5)     Error of law occurring at the trial;

(6)     When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.

{¶22}  A motion for a new trial pursuant to Crim.R. 33 is addressed to the sound discretion of the trial court. *State v. Schneibel*, 55 Ohio St.3d 71, 564 N.E.2d 54 (1990). To constitute an abuse of discretion, a trial court's decision must be unreasonable,

unconscionable, or arbitrary. *State v. Adams*, 62 Ohio St.2d 151, 404 N.E.2d 144 (1980).

{¶23} As discussed in the first assignment of error, any error in the jury instruction was harmless error. The jury's verdict was supported by the evidence of impairment by reason of alcohol use, and the record does not demonstrate that the jury based its verdict on the trooper's limited testimony that he was concerned that appellant had used narcotics. The trial court did not abuse its discretion in overruling appellant's motion for new trial.

{¶24} The second assignment of error is overruled. The judgment of the Licking County Municipal Court is affirmed. Costs are assessed to appellant.

By: Baldwin, J.

Gwin, P.J. and

Wise, J. concur.